UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:21CR00202 SRC ) ) |
| GLENDA SEIM, | ) **FILED UNDER SEAL** ) |
| Defendant. | ) ) |

**RESPONSE TO DEFENDANT'S MOTION FOR A DOWNWARD VARIANCE**

COMES NOW the United States of America, by and through Sayler Fleming, United States Attorney for the Eastern District of Missouri, and Tracy L. Berry, Assistant United States Attorney for said District, and requests that this Honorable Court grant Defendant's motion for a downward variance.

In light of the § 3553(a) factors, the Government concurs with Defendant's request for a variance from the applicable guideline range of 37 to 46 months. While Defendant's role as a money mule was integral to the success of the fraud scheme, the totality of the statutory sentencing factors supports the imposition of a non-custodial sentence, particularly the factors involving the nature and circumstances of the offense and Defendant's history and characteristics. 18 U.S.C. § 3553(a). Based upon Defendant's age, health, and her involvement in the underlying criminal activity, the Government submits that a term of incarceration is not necessary in order to: reflect the seriousness of the offense; deter her from further criminal activity; protect the public; or provide her with educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a).

For some individuals, a term of incarceration would be needed to achieve the central rationales of the American criminal justice system, that being, to deter, to incapacitate, and to rehabilitate. United States v. Blake, 89 F. Supp. 2d 328, 340 (E.D.N.Y. 2000). Defendant, however, does not present such a case. Her age, health conditions, and the imposition of a lengthy term of supervised probation should deter and incapacitate Defendant effectively. As to the third rationale, rehabilitation, "[o]n a more mundane or cruder level, [Defendant appears to have been] frightened into going straight" and no further rehabilitation my be necessary. Id. at 341. Thus, a term of five-year term of supervised probation with the conditions outlined in the presentence investigation report will be sufficient, but not greater than necessary, to achieve the statutory sentencing objectives.

In addition to Defendant's age as a basis for a departure, the Government proffers that Defendant's high degree of contrition provides an additional bases for a departure pursuant to § 5K2.0(a)(3). PSR ¶ 97. Defendant has accepted responsibility as is required to receive a sentencing reduction pursuant to § 3E1.1. PSR ¶¶ 39-40. But that has not been in isolation because Defendant has engaged in efforts to make amends to society "to a degree substantially in excess of, …, that which ordinarily is involved in [this] kind of offense." § 5K2.0(a)(3); United States v. Nguyen, 212 F.Supp. 2d 1008, 1017-1018 (N.D. Iowa 2002) ("[S]ection 3E1.1(a) does not preclude the sentencing court from making an additional departure in the case where the defendant manifests an extraordinary acceptance of responsibility.")

Defendant's guilty plea was timely, it included an adequate factual basis, and her admission was reported far beyond the St. Louis Metropolitan Area.[1] Nguyen, 212 F.Supp. 2d at 1028-1026

---

[1] The following local and international media sources were among those that reported Defendant's guilty plea in November 2021: https://www.ksdk.com/article/news/crime/81-year-old-woman-helping-romance-scammer-money-mule/63-bf945a92-e99f-4893-a1f9-53d66af997cf (St. Louis

(citing United States v. Nguyen, 52 F.3d 192, 194 (8th Cir. 1995).  Such factors were adequately taken into consideration by the United States Sentencing Commission when it formulated the guidelines. United States v. Mickens, 926 F.2d 1323, 1332 (8th Cir. 1991). However, Defendant's public service announcement demonstrated a level of remorse and rehabilitation that far exceeds that contemplated by the Sentencing Commission when it drafted § 3E1.1. See, https://www.youtube.com/watch?v=vthPmLORVrM&t=7s.

When Defendant agreed to share her story through the public service announcement, she was advised that it could subject her to substantial public attention and ridicule. Despite the warning, the Government understands that she set those considerations aside in order to present her message to others who might fall prey to the manipulation that led to her criminal conviction. Based upon this understanding, it is the Government's position that Defendant has demonstrated

---

Metropolitan Area); https://www.stltoday.com/news/local/crime-and-courts/kirkwood-woman-81-admits-role-in-nigerian-romance-scam/article_2a52f9da-2709-51de-8533-f8ecfeaca824.html (St. Louis Metropolitan Area); https://krcgtv.com/news/local/81-year-old-kirkwood-woman-pleads-to-being-money-mule (Jefferson City, Missouri CBS affiliate); www.kmov.com/news/kirkwood-woman-pleads-guilty-for-identity-theft/article_a093a866-3ce7-11ec-81a7-6f47579f384a.html (St. Louis Metropolitan Area); https://fox2now.com/news/missouri/81-year-old-money-mule-pleads-guilty-in-romance-fraud-scheme (St. Louis Metropolitan Area); https://dailynationtoday.com/81-year-old-cash-mule-pleads-responsible-in-romance-fraud-scheme (Nigeria); https://www.investorsdiurnal.com/kirkwood-woman-admits-to-helping-romance-scammer-as-money-mule (Investment Media Source with Main Office in Chicago, Illinois); https://www.dailyadvent.com/news/amp/593c743a8c7688dfa871618d6a88865a-Kirkwood-resident-pleads-guilty-for-identity-theft; https://twnews.co.uk/ng-news/81-year-old-american-woman-helps-lover-in-nigeria-commit-fraud-for-7-years (Nigeria); https://newspotng.com/american-octogenarian-involved-in-1-5m-fraud-for-nigerian-lover-awaits-sentence/; https://nationaldailyng.com/81-yr-old-american-joins-nigerian-in-years-long-identity-theft-for-loves-sake-faces-sentence/ (Nigeria); https://dailypost.ng/2021/11/04/american-octogenarian-involved-in-1-5m-fraud-for-nigerian-lover-awaits-sentence/(Nigeria).

remorse to a degree substantially in excess of that which ordinarily falls within the scope of § 3E1.1 of the Sentencing Guidelines.

In light of the totality of the § 3553(a) factors, Defendant's age, and her substantial remorse, the Government submits that a sentence of probation is sufficient, but not greater than necessary, to comply with the sentencing objectives.

    Respectfully submitted,

    SAYLER A. FLEMING
    United States Attorney

    */s Tracy L. Berry*
    Tracy L. Berry, 014753 TN
    Assistant United States Attorney
    111 South 10th Street, Room 20.333
    St. Louis, Missouri 63102
    (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, the foregoing will be filed electronically under seal with the Clerk of the Court and a copy will be sent to counsel of record through the electronic case filing.

    */s* Tracy L. Berry
    Tracy L. Berry
    Assistant United States Attorney